## No. 9277.

### PROCHNOW *v.* VICTOR M. COX LOAN & INVESTMENT CO.

1. CONTRACT—*Construed.* One contemplating the purchase of real property makes a deposit with the agent offering it for sale "to be held" by such agent, during the proposed purchaser's examination, and until he is "satisfied" that the premises are as represented. *Held* to imply that the deposit is to be returned if the purchaser is not satisfied of the truth of the representations made to him.

2. *Written Contract—Cotemporary parol contract with another.* A written contract by the owner for the sale of real property has no effect upon a parol contract between his agent and the proposed purchaser.

The agent is bound by his contract to return a deposit made with him whenever the conditions entitling the purchaser to the return, under his contract, are shown.

*Error to Denver District Court, Hon. John A. Perry, Judge.*

Mr. GEORGE F. DUNKLEE, Mr. EDWARD V. DUNKLEE, for plaintiff in error.

Mr. BERT MARTIN, for defendant in error.

Opinion by Mr. Justice Allen.

THIS action was brought by the plaintiff in error, hereinafter referred to as the plaintiff, against The Victor M. Cox Loan & Investment Company, the defendant in error, and one Frances B. Osbon. The plaintiff sues to recover the sum of $250 which had been deposited by him, as a prospective purchaser of certain household goods with the possession of a rooming house, with the defendant in error, who was the agent of the defendant Osbon.

Upon trial, and at the close of the evidence on both sides, the court directed a verdict in favor of the defendant in

error, the agent, upon the ground that, as stated by the trial judge:

"In this case, there is nothing in either the written pleadings of the parties nor in the evidence adduced at the trial which will warrant a verdict of any kind against the defendant, The Victor M. Cox Loan & Investment Company."

The plaintiff brings error, and submits for our determination the question whether or not the court erred in directing the jury to find the issues for the defendant Cox Company. The jury found as directed, and judgment was rendered accordingly.

As against the defendant, The Victor M. Cox Loan & Investment Company, the complaint alleges, in substance, that on account of representations made by the defendant in an advertisement, the plaintiff called at the defendant's office to investigate the offer contained in the advertisement, which, published in the public press, read as follows:

"Twelve-room beautiful Capitol Hill house, elegantly furnished; large, bright, sunny rooms; large lawn, trees; verandas and sleeping porches; lease with only $35 monthly rent. Price for quick deal, $775, with $250 cash, balance monthly. The Victor M. Cox Loan & Investment Company."

That the plaintiff was then and there informed by the defendant company "that the matters and statements in said advertisement were true; that the premises were renting for $86.00 per month, and that the said defendant company was the agent for the sale of said property, * * * ; that relying upon the matters and statements set forth in said advertisement, and the assurances of the defendants that the same were the facts, this plaintiff, believing the same to be true, was induced by the defendant, The Victor M. Cox Loan & Investment Company (agent), to put up as a deposit on the same the sum of $250 under the terms of a certain written contract." The complaint then sets out the written contract, which is one made between the plaintiff and the defendant Frances B. Osbon.

Next is set forth an oral contract contemporaneously made between the plaintiff and the defendant Cox Company, the agent, and it is upon this oral contract that the plaintiff's right against the defendant agent depends. The allegations in this connection are as follows:

"That at the time of the signing of said agreement by the plaintiff and said defendant company as agent, it was expressly contracted and agreed that the certain $250.00 to be paid as a deposit was to be paid to the defendant The Victor M. Cox Loan & Investment Company to be held by it until the plaintiff had examined all of the property and had joined in taking an inventory of said property and was satisfied that the property was in every respect as had been represented to him by the said advertisement and that the statements of said defendant company, as agent, in confirmation of said advertisement."

The foregoing expressed term of the alleged oral contract made between the plaintiff and the defendant agent implies that it was agreed that the money was to be returned to the plaintiff in the event that the representations referred to were false, and in case plaintiff, upon examination of all of the property, was not satisfied that the property was in every respect as had been represented to him. 13 C. J. 558, sec. 521.

The complaint further alleged, in substance, that the plaintiff thereafter "went through said premises" and "then learned for the first time that the statements contained in said advertisement, and those made by the defendant company, concerning said property, were false; * * * that said house 'was not a twelve-room house; * * * that said rooms were not elegantly furnished; * * * and that said property was not bringing in an income of $86.00 per month." It is further alleged that the plaintiff "was unsatisfied" and demanded the return of the $250 deposited by him with the defendant company.

Further details of the complaint need not be herein stated, because no reason or consideration is called to our attention why we should not hold the complaint sufficient

if the plaintiff sought to plead a cause of action against the defendant agent upon its oral contract to return the deposit of $250.00 upon certain contingencies. Counsel for defendant in error states in his brief that the trial court rules against the plaintiff "upon two propositions," the first being to the effect that the written contract mentioned in the complaint can not be varied by parol evidence. The written contract was, however, an agreement between the plaintiff and the defendant Osbon, and we see no reason why the written contract should affect the agent's liability upon its own contract.

The next point urged by the defendant in error is stated by its counsel as follows:

"That the plaintiff did not state a cause of action against the defendant company for the reason that this suit was upon the contract for the return of the money, and that under the circumstances a right of action would lie only against the principal."

This contention erroneously assumes that the suit is based upon the written contract which was entered into between the plaintiff and the defendant Osbon. As against the defendant Osbon, the principal under the written contract, the complaint appears to be for a recission of the contract and for the return of the money paid under it. As against the defendant agent, the defendant in error, the action is for the return of the deposit under the oral agreement entered into between the plaintiff and the agent. The agent, according to the allegations of the complaint, agreed to return the money to the plaintiff upon certain contingencies, and those contingencies arose shortly thereafter. There is no reason why the agent should not be bound by its verbal contract. In 2 C. J. 823, sec. 496, it is said:

"Where the terms under which the agent has received the money impose upon him a personal liability for its return upon certain contingencies, he may be held personally liable, upon the happening of such contingencies, for its return, although he has paid it over to his principal."

We are of the opinion that the complaint stated a cause of action against the defendant agent, and that the trial court was in error in assuming otherwise when directing a verdict for the agent. The plaintiff's evidence corresponds with the allegations of the complaint sufficiently to be regarded as tending to prove his cause of action against the agent. Such testimony was sufficient to sustain a verdict for the plaintiff and against the defendant agent. This being true, as we find from the record, regardless of whatever evidence the defendant introduced in its own favor, it was error to direct a verdict in favor of thei agent upon the ground that "there is nothing in either the written pleadings nor in the evidence" warranting "a verdict of any kind" against the defendant agent. The defendant agent's answer was chiefly in the form of a denial. The issues thus framed by the pleadings should have been submitted to the jury.

For the reasons above indicated, the judgment is reversed and the cause remanded.

Reversed.

Chief Justice Hill and Mr. Justice Bailey concur.